*Attorney General, for appellant.*

———, *for appellee.*

---

CITY OF LOUISVILLE *v.* PATRICK MURPHY, ETC.

**Municipal Corporations—Council—Journal of Proceedings.**

The common council of a city must keep a correct journal of its proceedings, and the journal should be made up by that body prior to the coming in of a new council who can not know whether the journal of prior proceedings made up under their supervision, is correct or not.

**Municipal Corporations—Council—Journal of Proceedings.**

Where the failure of a branch of a common council to keep a correct journal of its proceedings results in the exoneration of property owners from liability for street improvements, judgment for the amount due and unpaid because of such neglect, should be rendered against the city.

**Judgment—Failure to Answer.**

A party who was served with process nearly six months before judgment was rendered, but who failed to answer and prepare his defense, cannot complain that judgment was rendered before his defense was heard.

**Judgment—Attack—Joinder of Parties.**

A city can not set up for the first time after a judgment against it for cost of street improvements, because of the exoneration of property owners, that it was improperly joined in the suit with the property owners, on the ground that it was a mere guarantor.

APPEAL FROM LOUISVILLE CHANCERY.

December 8, 1872.

OPINION BY JUDGE LINDSAY:

Murphy distinctly alleges in his petition that the contract under which the work on Third street, Portland, was done was approved by both branches of the General Council as provided for by the general ordinance regulating the manner in which such contracts should be made and executed.

The city not only fails to deny this allegation, but is now in this court by her attorney insisting that it is true.

The property holders escape responsibility because one branch of the general council failed to enter on their journals the order or resolution approving the contract, and hence there is no competent evidence as against them of its approval.

We are of opinion that the testimony of McCleary and Vaughan sufficiently establishes that the approval of the contract by the common council was not entered on its journal at the time it was approved nor at any time when the person or persons who made the entry had the right to do so.

The entry had certainly not been made on the 1st of July, 1870, nearly one year after the contract was approved. According to the statements of Vaughan it was made after that time, and after Duerson, the president, and one-half of the members of the general council in office in August, 1869, had either ceased to be members or were holding office under a new election.

Whilst keeping a correct journal does not imply that the entries shall be made and the proceedings signed or approved at each meeting, it certainly is necessary that the journal shall be made up by the body where proceedings are recorded, and before an election may have substituted for one-half the members of such body persons who were not present at the time, and who can not know whether the journal made up under their supervision is correct or not.

The cases of *McKegney v. Obst & Johnson* are conclusive as to the law of this case. As the failure of the common council to keep a correct journal of its proceedings results in the exoneration of the

property holders, judgment for the amount due was properly rendered against the city.

Judgment *affirmed*.

*Fox, for appellant.*

*Eastin & Calloway, for appellee.*

---

RESPONSE TO PETITION FOR REHEARING.

January 5, 1873.

OPINION BY JUDGE LINDSAY:

The opinion in this case is not based upon the idea that either branch of the general council failed to take the necessary steps to render valid the ordinances under which the contract for the street improvements was made. We have no inclination to require of the city legislature or of the city officials more than the charter requires.

Upon re-examination of the opinion of the court, counsel will find that the city is held responsible, upon the sole ground that the common council failed to enter upon its journals its approval of the contract as required by the general ordinance establishing an engineer's department.

We are of opinion that the proof shows, that although this branch of the city legislature did approve this contract on the 19th of August, 1869, that no entry of that fact was made until after the 1st of July, 1870, at which time the identical common council that approved the contract had ceased to exist, the term of office of one-half of its members having expired by operation of law.

This fact is shown by Vaughan, the clerk, who swears that the entry had not been made when McCleary made out the copy filed by the property holders.

McCleary swears that he made out this copy after July 1, 1870.

We attach no importance to the signature of Duerson, the president. We merely decide that the common council must make up its proceedings before its functions cease by operation of law; that

they can not be made up by a new council composed possibly of different members; that this duty must be performed by the council, and not left to the discretion and recollection of its clerk.

As the council did not keep its journals so as to enable Murphy to hold the property holders' bound, the city and not the contractor must pay the loss.

Nor can the city complain that judgment was rendered against it before its defense had been heard. It was served with process nearly six months before judgment and if it wished to defend the action and protect its interest it should have answered and prepared its defense.

Nor will it avail for a reversal that its undertaking was collateral to that of the property holders; that it was a mere guarantor and not liable to be sued until the parties primarily liable had made good their defense. If this position be correct, then the action as to the city was prematurely instituted, but this question can not be raised after judgment. The failure of the city to object to the joint proceeding against it and the property holders was a waiver of the misjoinder. (See preceding case.)

Petition *overruled.*

*Fox, for appellant.*